CITY OF HAMILTON, APPELLEE, *v.* ADKINS, APPELLANT.

(No. CA82-10-0103—Decided August 3, 1983.)

*Mr. Gerald L. Pater,* assistant law director, for appellee.

*Messrs. Condo, Walsh, Schiavone, Spillane & Miller* and *Mr. Fred Miller,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton Municipal Court of Butler County, Ohio.

Defendant-appellant, Victor Adkins, was arrested on five different misdemeanor charges. Through the plea bargaining process, appellant pleaded no contest to two charges of disorderly conduct and one charge of intoxication.

When presented with this arrangement on October 14, 1982, the trial judge ruled that "on the 'no contest' pleas there will be a finding of 'guilty,' and fifty ($50) dollars and costs, thirty (30) days on each charge." The Entry of Conviction filed that same day read that "[t]he Court imposed a sentence of 30 days in jail plus a $50.00 fine and court cost in each of the cases wherein the defendant has plead[ed] no contest."

A notice of appeal was filed on October 15, 1982. Three days later, appellant filed a motion for bail pending appeal. A hearing on this motion was held on October 20, 1982. At that time, the trial judge indicated that he had failed to afford the appellant an opportunity to say anything on his own behalf when he sentenced him on October 14. After giving appellant and counsel the opportunity to speak, the trial judge announced that appellant was to be sentenced to "$50.00 and costs and 30 days in jail on each of the three charges with the jail time to run consecutively." The court then proceeded to address appellant's request for bail.

As his sole assignment of error, appellant claims the following:

"The trial court erred to the prejudice

of defendant-appellant when it ordered consecutive sentences after the notice of appeal had been filed."

Appellant argues that, under the provision of R.C. 2929.41, the court's entry of October 14 should be construed as an imposition of concurrent sentences.

R.C. 2929.41, which deals with multiple sentences, reads in part as follows:

"(A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by this state, another state, or a court of the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution.

"(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

"(1) When the trial court specifies that it is to be served consecutively;

"(2) When it is imposed for a violation of division (B) of section 2917.02, section 2921.34, or division (B) of section 2921.35 of the Revised Code;

"(3) When it is imposed for a new felony committed by a probationer, parolee, or escapee."

In the case at bar, the imposition of consecutive sentences could only be accomplished if the trial court *specified* that the sentences were to run consecutively. When the appellant was sentenced the trial court failed to explicitly impose consecutive sentences. By its vague and indefinite sentencing, the trial court provided considerable uncertainty as to the length of the sentence to be served by the appellant. Where there is an ambiguity in the language as to whether the sentences are to be served concurrently or consecutively, a defendant is entitled to have the language construed in his favor. See *Gaddis* v. *United States* (C.A. 6, 1960), 280 F.2d 334, 336. Since there was no specific designation that the sentences were to be served consecutively, R.C. 2929.41 requires that they be concurrent.

Accordingly, the trial court's order imposing consecutive sentences is reversed. The sentences are to run concurrently, with the appellant to receive credit for the time already served since the first sentencing of October 14.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and the cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.