**The STATE of Ohio, Appellee,**

v.

**WATSON, Appellant.**

[Cite as *State v. Watson* (1992), 76 Ohio App.3d 258.]

Court of Appeals of Ohio,
Butler County.

No. CA91–09–155.

Decided May 11, 1992.

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Robert N. Piper III*, Assistant Prosecuting Attorney, for appellee.

*Randall M. Dana*, Ohio Public Defender, *Jane P. Perry* and *Richard J. Vickers*, Assistant Public Defenders, for appellant.

JONES, Presiding Judge.

Defendant-appellant, Kevin Watson, appeals a decision of the Butler County Court of Common Pleas imposing consecutive sentences for his aggravated murder and aggravated robbery convictions.

On October 31, 1987, a jury of the Butler County Court of Common Pleas found appellant guilty of aggravated murder with a death penalty specification (Count One) and aggravated robbery with a firearm specification (Count Two). On November 4, 1987, the jury recommended that appellant be sentenced to death for the aggravated murder conviction. The court accepted the jury's recommendation and sentenced appellant to death on November 12, 1987. The court also imposed a sentence of seven to twenty-five years' incarceration for the aggravated robbery conviction, with an additional term of three years' incarceration for the firearm specification, to be served consecutively with the indefinite sentence.

Appellant appealed the convictions and sentencing to this court, and we affirmed the judgment of the trial court. See *State v. Watson* (Mar. 31, 1989), Butler App. No. CA88–02–014, unreported, 1989 WL 30739. Appellant then appealed to the Supreme Court of Ohio, and that court affirmed the convictions but vacated the death sentence as to the aggravated murder conviction on the basis that a residual doubt remained concerning appellant's guilt. See *State v. Watson* (1991), 61 Ohio St.3d 1, 572 N.E.2d 97. The Supreme Court remanded the cause to the trial court for the imposition of a life sentence for the aggravated murder conviction pursuant to *State v. Penix* (1987), 32 Ohio St.3d 369, 513 N.E.2d 744.

On remand, the trial court imposed a sentence of life imprisonment with eligibility for parole after thirty years for the aggravated murder conviction, to be served consecutively with the terms of incarceration imposed for the aggravated robbery conviction and the firearm specification. The court's judgment entry was filed on August 27, 1991.

Appellant brings the instant appeal, setting forth the following sole assignment of error:

"The trial court erred by resentencing Appellant Watson on count two to a term to be served consecutively to the sentence on count one."

Appellant first argues that, because the original sentences for aggravated murder and aggravated robbery were not specifically ordered to be consecutive, they should be construed as concurrent sentences. Therefore, it is argued, the trial court erred in ordering the sentences to be consecutive on remand.

In general, a trial court possesses the discretion to impose consecutive sentences for felony convictions. R.C. 2929.41, governing multiple sentences, provides in part, as follows:

"(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

"(1) When the trial court specifies that it is to be served consecutively[.]"
See, also, *State v. Moss* (1982), 69 Ohio St.2d 515, 23 O.O.3d 447, 433 N.E.2d 181, certiorari denied (1983), 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 430; *State v. Bray* (Jan. 11, 1990), Cuyahoga App. No. 56049, unreported, 1990 WL 1333.

Appellant argues, however, that the trial court in its original sentencing was required to specify consecutive sentences if it intended to impose such, and that its failure to do so resulted, by operation of law, in the imposition of concurrent sentences. For that proposition, appellant cites *Hamilton v. Adkins* (1983), 10 Ohio App.3d 217, 218, 10 OBR 292, 293, 461 N.E.2d 319, 321, in which this court held as follows:

" * * * Where there is an ambiguity in the language as to whether the sentences are to be served concurrently or consecutively, a defendant is entitled to have the language construed in his favor. * * * Since there was no specific designation that the sentences were to be served consecutively, R.C. 2929.41 requires that they be concurrent."

The instant case, however, is distinguishable from *Adkins*. Whereas in *Adkins* the trial court had imposed sentences of incarceration for the various counts, in the case at bar the trial court imposed sentences of incarceration as to Count Two and a sentence of death as to Count One. As such, the trial

court could not have ordered the sentences to be consecutive. The imposition of a term of imprisonment to follow death would have been absurd and logically impossible, absent reincarnation. Similarly, it would have been inappropriate for the trial court to have ordered the sentence of death to follow the term of incarceration, as such a sentence would have been without statutory authority and would have constituted cruel and unusual punishment within the meaning of the Eighth Amendment to the United States Constitution. See, generally, R.C. 2929.41 and *State v. Fenton* (1990), 68 Ohio App.3d 412, 588 N.E.2d 951. The trial court was not required to impose such sentences in order to retain the discretion to order consecutive sentences on remand.

■ Further, the trial court was not required in any sense to "preserve" its authority to impose consecutive sentences by specifying that any potential sentence of imprisonment imposed at a later time would be consecutive to that already imposed. Indeed, as the state notes, such a procedure would have been erroneous. A trial court may not enter a sentence to be served consecutively with sentences that are to be imposed *in futuro*. *State v. White* (1985), 18 Ohio St.3d 340, 18 OBR 381, 481 N.E.2d 596. As such, we find appellant's first argument not well taken.

Appellant next contends that the trial court violated the Supreme Court's mandate concerning sentencing on remand when it imposed consecutive sentences. The Supreme Court's mandate provided as follows:

"The Supreme Court of Ohio commands you to proceed without delay to carry the following judgment in this cause into execution:

"Judgment of the court of appeals is affirmed in part and reversed in part and this case is remanded to the trial court for imposition of a life sentence pursuant to *State v. Penix* (1987), 32 Ohio St.3d 369, 513 N.E.2d 744, consistent with the opinion rendered herein."

Appellant argues that, because the Supreme Court did not issue a mandate concerning the sentence for aggravated robbery, the trial court did not have the authority to make that sentence and the life sentence consecutive.

We do not find appellant's argument to be persuasive. While appellant would interpret the Supreme Court's silence as to the aggravated robbery conviction as a mandate to leave the sentence for that count wholly undisturbed, we cannot accept such an interpretation. As noted above, a trial court has the discretion to impose consecutive sentences pursuant to R.C. 2929.-41(B). Nothing in the mandate issued by the Supreme Court can be fairly read to limit that discretion in the instant case. The issue of consecutive sentences was left undecided in the original sentencing, given the imposition

of the death penalty on Count One. Therefore, the trial court could properly order the sentences to be consecutive on remand. Accordingly, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.