OPINION
{¶ 1} Defendant-appellant, Ronald Jennings, appeals a decision of the Clinton County Court of Common Pleas denying his motion for concurrent sentences. We affirm the decision of the trial court.
 {¶ 2} On August 28, 2000, appellant pled guilty in the Dearborn, Indiana Superior Court to a felony theft charge. He was sentenced to 1,095 days incarceration, with 820 days suspended. The sentencing entry indicates appellant was placed on reporting probation and ordered to appear at the Dearborn County Jail on September 27, 2000 to begin serving his 275-day sentence. However, only a few days later, appellant was arrested in Clinton County, Ohio and charged with two felony counts of drug trafficking. He pled guilty to one felony charge of trafficking in crack cocaine, and on November 8, 2000, was sentenced to six months incarceration. This sentence was ordered to be served consecutive to a three-year prison term imposed in a separate Clinton County, Ohio case. Appellant is presently serving these sentences in Ohio.
 {¶ 3} Appellant subsequently filed a motion with the trial court requesting that his Ohio prison sentences be ordered to run concurrent to his Indiana prison sentence, pursuant to R.C. 2929.41. The trial court denied the motion, finding that appellant was not actually incarcerated in Indiana at the time that he was sentenced in Ohio. Appellant now appeals, raising a single assignment of error in which he alleges that the trial court erred by denying the motion.
 {¶ 4} R.C. 2929.41 requires that, with certain exceptions, "a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States." This statute contemplates that an Ohio sentence imposed while a defendant is serving a sentence in another state, will be served concurrently with the out-of-state sentence. See, e.g., State v. Phelps (Aug. 31, 2000), Cuyahoga App. No. 77100; Gentryv. Ohio Dept. of Rehabilitation and Correction (Dec. 1, 1994), Franklin App. No. 94APE07-1097. Thus, if appellant were serving his Indiana sentence at the time the Ohio sentence was imposed, R.C. 2929.41 would mandate that the Ohio and Indiana sentences run concurrently unless otherwise ordered by the trial court.
 {¶ 5} However, in the present case, appellant was not serving his Indiana sentence when he was sentenced in Ohio. In this instance Ohio has no authority to order that appellant's Indiana sentence run concurrent with the sentence imposed by Ohio.
 {¶ 6} Appellant directs our attention to Hamilton v. Adkins
(1983), 10 Ohio App.3d 217, for the proposition that any ambiguities as to whether sentences are to be served concurrently or consecutively should be resolved in favor of the criminal defendant. Adkins dealt with the imposition of multiple misdemeanor sentences, imposed by the same Ohio court, and the construction of a former version of R.C. 2929.41. While we generally agree with the foregoing legal premise, it is wholly inapplicable to the present case where appellant has been sentenced in two states for separate felony offenses. The trial court simply could not order that Indiana credit appellant for time served in Ohio stemming from an Ohio felony conviction. The assignment of error is overruled.
Judgment affirmed.
POWELL and VALEN, JJ., concur.