JOURNAL ENTRY AND OPINION
{¶ 1} Jason Quinones appeals from a sentencing order and sexual predator adjudication entered by Judge Bridget McCafferty. He claims it was error to impose maximum and consecutive sentences for his offenses of rape of a person under age thirteen[1] and unlawful sexual conduct with a minor,[2] and to find that he was likely to commit future sexual offenses. The State argues that the facts of the offenses and Quinones' criminal history justify both the sentence imposed and the sexual predator adjudication. We affirm in part, vacate in part, and remand
 {¶ 2} From the record we glean the following: In December of 2002, then twenty-one-year-old Quinones had sexual intercourse with three different girls: fourteen-year-old J.V.; fifteen-year-old R.S.; and twelve-year-old C.S., R.S.'s sister. He was indicted for sexual offenses in three separate cases: In CR-435216, he was charged with four counts of unlawful sexual conduct with a minor for having sex with J.V.; in CR-437597, he was charged with forcible rape of a child under the age of thirteen, kidnapping,[3] intimidation,[4] and obstructing official business[5] with respect to his acts with C.S.; and in CR-438531, he was charged with unlawful sexual conduct with a minor and kidnapping for his acts with R.S. The rape charge contained a sexually violent predator specification,[6] and both kidnapping charges contained sexually violent predator specifications and sexual motivation specifications.[7] The intimidation and obstructing official business charges stemmed from allegations that Quinones encouraged C.S. to tell police that they did not have sex.
 {¶ 3} He pleaded guilty to two counts of unlawful sexual conduct with a minor in CR-435216; to rape of a child under age thirteen, with the force specification and sexually violent predator specification deleted in CR-437597; and to unlawful sexual conduct with a minor in CR-438531. The judge ordered a psychiatric evaluation, as well as a presentence report, and held a sexual predator hearing at the time of sentencing.
 {¶ 4} After the hearings, the judge adjudicated Quinones to be a sexual predator and sentenced him to prison terms of ten years for rape of C.S., eight months for unlawful sexual conduct with a minor, R.S., and eighteen months for each count of unlawful sexual conduct with a minor, J.V. He states two assignments of error, which are included in an appendix to this opinion.
 SEXUAL PREDATOR DETERMINATION {¶ 5} He first submits that the evidence was legally insufficient to sustain a sexual predator finding under R.C.2950.09. Before declaring a defendant a sexual predator, the judge must find, by clear and convincing evidence, that the individual has committed a sexually oriented offense and that he is likely to commit such offenses in the future.[8] The judge makes the determination by assessing evidentiary factors listed in R.C. 2950.09[9] and, although this process necessarily involves a weighing of evidence, when a defendant challenges the sufficiency of the evidence we must determine whether the evidence satisfies the threshold necessary to support a finding by clear and convincing evidence.[10] Under this standard, we review the evidence in the light most favorable to the State to determine if any rational factfinder could have concluded, by clear and convincing evidence, that Quinones was likely to commit future sexual offenses.[11] Because the hearing occurred after his convictions for sexual offenses, that element is not in dispute.
 {¶ 6} The police reports introduced at the hearing indicated that Quinones met J.V. through her brother, and that he had gained her family's trust and affection before making sexual advances toward her. There was some confusion about his relationship with R.S. and C.S., but it appeared that he was also familiar with their family, and that he had told the pair that he was only seventeen years old. Quinones claimed that he had met both R.S. and C.S. in December of 2002, and that he had sex with each of them on the same night during a drinking party. Neither of the girls, however, corroborated this version of events.
 {¶ 7} C.S. stated that she and Quinones had sex in December of 2002, but she stated that the sex occurred after he sneaked into her house through a window. R.S. claimed that she had sex with Quinones in February or March of 2002, and that she was no longer "dating" him at the time he had sex with her sister. The dates of this encounter were in dispute, however, because records showed that Quinones was incarcerated by the Ohio Department of Youth Services as a juvenile offender, and that he was not released from the juvenile facility until June 25, 2002, his twenty-first birthday.
 {¶ 8} The psychiatric report stated that Quinones rated a medium to high risk for reoffending under a Static-99 test, which assigns numeric values to particular aspects of a subject's history, such as his age, previous sex offenses, previous criminal offenses, relationship history, and whether the victim of the sexual offense was related to the offender or of the same sex as the offender. Quinones scored in the medium-high range because of his extensive history of juvenile offenses, including aggravated assault, aggravated menacing, receiving stolen property, and aggravated robbery. His score on this test also increased because sexual offenders below age twenty-five are considered more likely to reoffend.
 {¶ 9} The report also included the results of the Abel Assessment for Sexual Interest, a test designed to measure a subject's sexual and social attitudes, using both subjective and objective means. The report stated that Quinones did not have any abnormal sexual desires, but it did indicate that he might have trouble exhibiting appropriate social behavior. The reporting psychologist also interviewed Quinones, and the report suggested that Quinones' demonstrated pattern of sexual behavior with young adolescent girls showed his inability or unwillingness to act appropriately. From the interview and surrounding information, the psychologist also opined that Quinones suffered from an antisocial personality disorder and, overall, he rated him as a medium to high risk of committing future sexual offenses.
 {¶ 10} The judge stated her findings relative to the listed factors of R.C. 2950.09(B)(3), which she was required to consider before making the sexual predator determination:
{¶ 11} "(a) The offender's * * * age;
 {¶ 12} (b) The offender's * * * prior criminal * * * recordregarding all offenses, including, but not limited to, all sexualoffenses;
 {¶ 13} (c) The age of the victim of the sexually orientedoffense for which sentence is to be imposed or the order ofdisposition is to be made;
 {¶ 14} (d) Whether the sexually oriented offense for whichsentence is to be imposed or the order of disposition is to bemade involved multiple victims;
 {¶ 15} (e) Whether the offender * * * used drugs or alcohol toimpair the victim of the sexually oriented offense or to preventthe victim from resisting;
 {¶ 16} (f) If the offender * * * previously has been convictedor pleaded guilty to, or been adjudicated a delinquent child forcommitting an act that if committed by an adult would be, acriminal offense, whether the offender * * * completed anysentence or dispositional order imposed for the prior offense oract and, if the prior offense was a sex offense or a sexuallyoriented offense, whether the offender * * * participated inavailable programs for sexual offenders;
 {¶ 17} (g) Any mental illness or mental disability of theoffender * * *;
 {¶ 18} (h) The nature of the offender's * * * sexual conduct,sexual contact, or interaction in a sexual context with thevictim of the sexually oriented offense and whether the sexualconduct, sexual contact, or interaction in a sexual context waspart of a demonstrated pattern of abuse;
 {¶ 19} Whether the offender * * *, during the commission ofthe sexually oriented offense for which sentence is to be imposedor the order of disposition is to be made, displayed cruelty ormade one or more threats of cruelty;
 {¶ 20} (j) Any additional behavioral characteristics thatcontribute to the offender's * * * conduct."
 {¶ 21} She found that factors (a) through (d) were present, and cited them as "significant" to her conclusion that Quinones was a sexual predator, because his age indicated a likelihood of reoffending, he had a history of criminal behavior, and his offenses involved multiple victims between the ages of twelve and fifteen. She also found that Quinones exhibited a pattern of abuse, and that his antisocial personality disorder contributed to the offenses because he ingratiated himself into his victims' families to gain their trust, and because he manipulated his victims' youth and inexperience to his advantage, without regard for their well-being.
 {¶ 22} The psychiatric report and the available facts of the offenses are sufficient, as a matter of law, to allow a finding that Quinones presented a clear and convincing likelihood of reoffense. Although he claimed to be unaware of the ages of his victims, the facts of the offenses suggested that he knew the victims well enough to be aware of their ages, and his conduct shows a definite pattern of targeting girls in early adolescence for sexual relationships. This pattern included befriending family members, lying about his age, and manipulating the victims by gradually moving a platonic friendship into a sexual encounter. This behavior shows a deliberate targeting of these victims, rather than a series of mistakes in determining their ages.
 {¶ 23} Even though Quinones' age makes one hope for rehabilitation, the psychiatric report states that offenders of his age present a greater likelihood of committing future sexual offenses, and his record shows a history of criminal behavior. Therefore, the evidence is sufficient to conclude that he presents the type of risk that the registration requirements of R.C. Chapter 2950 were intended to address. The first assignment is overruled.
 II. SENTENCES {¶ 24} Quinones next claims it was error to impose the maximum prison term for the rape offense and for the unlawful sexual conduct with J.V., and in imposing consecutive sentences. We first note, however, that the sentences imposed in the journal entries are not the same as those stated during the sentencing hearing.
 {¶ 25} In court the judge imposed a ten-year prison term for the rape of C.S., an eight-month prison term for unlawful sexual conduct with R.S., and two concurrent eighteen-month prison terms for the two counts of unlawful sexual conduct with J.V., and stated the prison terms in the three cases would be consecutive for a total of twelve years and two months. The judgment entries in CR-435216 and CR-437597 reflect the consecutive sentences, but the judgment entry in CR-438531 states that the eight-month prison term is concurrent with the prison terms in the other two cases.
 {¶ 26} A written judgment entry cannot impose a sentence more severe than that imposed upon the defendant at the sentencing hearing,[12] but the journal entry controls,[13] and a defendant need not challenge a judgment entry that imposes a sentence less severe than that pronounced at the hearing.[14] We are unaware of any previous case that addresses the conflict between inconsistent sentencing entries in separate cases, but R.C. 2929.41 provides that sentences are concurrent unless otherwise stated, and sentencing ambiguities are traditionally resolved in favor of the defendant.[15]
Therefore, we believe the sentence stated in CR-438531 controls, and the eight-month prison term should be served concurrent with the terms in the other cases.
 {¶ 27} We next must determine whether it was error to impose maximum, consecutive prison terms for the rape of C.S. and the unlawful sexual conduct with J.V. Under R.C. 2929.14(C), the judge found that Quinones had committed a worst form of the rape offense because, among other things, he had used his relationship with R.S. to facilitate the victimization of C.S., and because his conduct with the sisters had torn the family apart and subjected them to so much humiliation in their neighborhood that they were forced to move. She also found that Quinones showed the greatest likelihood of recidivism because of his juvenile record, and because of the psychiatric report which stated people in his age group have a greater risk of committing future sexual offenses.
 {¶ 28} The judge also found that, with respect to his offenses against J.V., Quinones committed a worst form of unlawful sexual conduct with a minor because he befriended her brother and her family before betraying that trust by victimizing her. The judge stated that the conduct was especially harmful because he had been treated like a member of the victim's family before committing the offense.
 {¶ 29} We find, in both cases, that the judge adequately stated findings and reasons for imposing the maximum prison terms, as required by R.C. 2929.14(C) and 2929.19(B)(2)(d). When the judge complies with these requirements, Ohio statutes do not allow reviewing courts to vacate a sentence unless we find that the judge's findings have so little support in the record that they can be characterized as "contrary to law."[16]
 {¶ 30} This standard, however, must now be assessed in light of the United States Supreme Court ruling in Blakely v. Washington,[17] which states that the "statutory maximum" is not the longest term the defendant can receive under any circumstances, but is "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant."[18] The jury did not make a finding that Quinones had committed a worst form of the offense or that he posed the greatest likelihood of recidivism, nor did he admit to either. Although we take no position at this time concerning whether the "deliberate cruelty" finding discussed inBlakely is comparable to findings under R.C. 2929.14(C), it appears that the rule in that case is cognizable in cases pending on direct appeal.[19] Therefore, the sentences in CR-435216 and CR-437597 must be vacated and remanded for resentencing in light of Blakely.
 {¶ 31} Because CR-435216 and CR-437597 are remanded for resentencing, we find that portion of Quinones' second assignment of error, challenging the consecutive sentences, to be moot.[20] We note only that the new sentences in the remanded cases should be consistent with the judgment entry in CR-438531, which imposes the eight-month prison term concurrent with the sentences in the other cases. The second assignment is sustained in part and found moot in part.
 {¶ 32} The judgment in CR-438531 is affirmed; the sexual predator adjudication in CR-437597 is affirmed; the sentences in CR-435216 and CR-437597 are vacated and remanded for resentencing in light of Blakely and consistent with this opinion.
 APPENDIX — ASSIGNMENTS OF ERROR {¶ 33} "I. The evidence is insufficient, as a matter of law,to prove "by clear and convincing evidence" that appellant "islikely to engage in the future in one or more sexually orientedoffenses."
 {¶ 34} The trial court erred by imposing maximum consecutivesentences in violation of R.C. 2929.14, R.C. 2929.19 AND R.C.2929.11(B)."
 {¶ 35} It is ordered that appellant recover from appellee costs herein taxed.
 {¶ 36} It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
 {¶ 37} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 {¶ 38} Dyke, J., Concurs in Judgment only
 {¶ 39} Corrigan, A.J., concurs in judgment only in part anddissents in part (see separate Opinion Attached).
[1] R.C. 2907.02(A)(1)(b).
[2] R.C. 2907.04.
[3] R.C. 2905.01.
[4] R.C. 2921.04.
[5] R.C. 2921.31.
[6] R.C. 2941.148.
[7] R.C. 2941.147.
[8] State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247,743 N.E.2d 881.
[9] State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288,752 N.E.2d 276, paragraph 1 of the syllabus.
[10] State v. Taylor, Cuyahoga App. No. 79475, 2002-Ohio-1554.
[11] State v. Padgett, Cuyahoga App. No. 83162, 2004-Ohio-2159, at ¶ 7.
[12] State v. Bell (1990), 70 Ohio App.3d 765, 772-773,592 N.E.2d 848.
[13] State v. King, 70 Ohio St.3d 158, 162, 1994-Ohio-412,637 N.E.2d 903.
[14] State v. McCornell, Cuyahoga App. No. 81581, 2003-Ohio-2474, at ¶ 9-10.
[15] Hamilton v. Adkins (1983), 10 Ohio App.3d 217, 218, 10 OBR 292, 461 N.E.2d 319.
[16] R.C. 2953.08(G)(2)(b). Although a judge's findings with respect to consecutive sentences are reviewable, under R.C.2953.08(G)(2)(a), to determine whether they are supported by the record, the same standard does not apply to the findings made before imposing maximum prison terms under R.C. 2929.14(C).
[17] (2004) 124 S.Ct. 2531, 159 L.Ed.2d 403.
[18] Id., 159 L.Ed.2d at 413.
[19] See Schriro v. Summerlin (2004), 124 S.Ct. 2519,159 L.Ed.2d 442, 448, ("new rule" is applicable to cases pending on direct appeal).
[20] App.R. 12(A)(1)(c).