JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Richard Frazier ("Frazier"), appeals his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1991, Frazier was convicted of two counts of aggravated murder and sentenced to death. He was also convicted of aggravated burglary and sentenced to ten to twenty-five years in prison. These sentences were to run concurrently with each other and presumably concurrent to the life imprisonment sentence he received in Medina County for rape.[1] See, State v.Frazier (Oct. 2, 1991), Medina App. No. 1983. Frazier's Cuyahoga County convictions and sentence were affirmed by this court and the Ohio Supreme Court. State v. Frazier (Feb. 17, 1994), Cuyahoga App. No. 62557; State v. Frazier, 73 Ohio St.3d 323,1995-Ohio-235, 652 N.E.2d 1000.
 {¶ 3} The Sixth Circuit Court of Appeals granted Frazier a conditional writ of habeas corpus, thereby vacating his death sentence and ordering a new sentencing hearing. Frazier v.Huffman (6th Cir. 2003), 343 F.3d 780, amended by Frazierv. Huffman (6th Cir. 2003), 348 F.3d 780. On remand, Frazier was resentenced to life in prison with parole eligibility after thirty years for the aggravated murder convictions. Consistent with the 1991 sentence, the court ordered the life sentence to be served concurrently with the ten-to-twenty-five-year sentence for the aggravated burglary conviction. The trial court also ordered that the Cuyahoga County sentence be served consecutive to the Medina County sentence.
 {¶ 4} Frazier appeals, arguing in his sole assignment of error that the trial court erred in ordering that his sentence run consecutive to his Medina County sentence. He argues that because the original death sentence for murder was not ordered consecutive to the Medina County sentence, the trial court could not order the new life sentence to run consecutive to the Medina County sentence without violating the United States Supreme Court's decision in North Carolina v. Pearce (1969),395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656. Frazier essentially claims that the trial court's order amounts to double jeopardy because, by running the sentences consecutively, the court imposed a harsher sentence on remand. We disagree.
 {¶ 5} There are essentially three issues before this court. First, whether the trial court had the authority to order Frazier to serve his life sentence for murder consecutive to the life sentence for rape in the Medina County case when the original sentencing order did not indicate that the death sentence was consecutive to the Medina County case. The second issue is whether the imposition of consecutive life sentences is a harsher penalty than death. The final issue is whether the imposition of consecutive life sentences violates Pearce, supra.
 {¶ 6} R.C. 2929.41(A) provides that a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment. However, subsection (B) gives a trial court discretionary authority to order a sentence of imprisonment to be served consecutive to an existing sentence imposed in another court. State v. White (1985), 18 Ohio St.3d 340, 342,481 N.E.2d 596.
 {¶ 7} In State v. Watson (1992), 76 Ohio App.3d 258,601 N.E.2d 230, the court held that a trial court could properly order consecutive sentences on remand after vacating a death sentence when the issue of consecutive sentences was left undecided in the original sentencing.
"The imposition of a term of imprisonment to follow death would have been absurd and logically impossible, absent reincarnation. Similarly, it would have been inappropriate for the trial court to have ordered the sentence of death to follow the term of incarceration, as such a sentence would have been without statutory authority and would have constituted cruel and unusual punishment within the meaning of the Eighth Amendment to the United States Constitution. The trial court was not required to impose such sentences in order to retain the discretion to order consecutive sentences on remand. (Citations omitted). Id. at 260-261."
 {¶ 8} Moreover, the Ohio Supreme Court has held that the imposition of a term of imprisonment to be served consecutive to a death sentence is not error because the execution of or the failure to execute the death sentence moots the issue. State v.Davie (1997), 80 Ohio St.3d 311, 328, 686 N.E.2d 245; State v.Campbell (1994), 69 Ohio St.3d 38, 52, 630 N.E.2d 339.
 {¶ 9} Therefore, the trial court had discretionary authority to order the Cuyahoga County sentence to run consecutive to the sentence imposed in Medina County.
 {¶ 10} The second issue before this court is whether the imposition of consecutive life sentences on remand is a harsher penalty than death. This issue appears to be one of first impression before any Ohio court. Therefore, we will look to other jurisdictions for guidance.
 {¶ 11} In Brantley v. Georgia (1997), 268 Ga. 151,486 S.E.2d 169, the court held that there is no harsher penalty than death. In Nebraska v. Jones (1984), 218 Neb. 713,358 N.W.2d 765, the court concluded that the lesser sentence of consecutive life sentences for the vacated death sentence was a lesser sentence and thus permissible under Pearce. In Alvin v. Stateof Florida (1991), 573 So.2d 418, the court reasoned that a consecutive life sentence is not a more severe sentence than the previously imposed death sentence; thus, the holding in Pearce
did not apply. In Pennsylvania v. Lloyd, 2005 Pa. Super. 236,878 A.2d 867, the court found that the assertion that two consecutive life sentences were more severe than two concurrent death sentences was "ludicrous." Finally, in Thomas v. Newsome
(1987), 821 F.2d 1550, 1556, the court held that appellant's argument that two consecutive life sentences are harsher than death is "outrageous." We find these authorities persuasive and hold that there is no harsher penalty than death. Therefore, the imposition of consecutive life sentences is not a harsher penalty than death.
 {¶ 12} Additionally, Frazier has failed to cite any authority for his proposition that the imposition of consecutive life sentences is a harsher penalty than a death sentence.
 {¶ 13} The final issue is whether Frazier's sentence violates the principles in Pearce, supra. In Pearce, the court looked at the constitutional limitations of imposing a harsher sentence after retrial when a defendant was successful in having his original conviction set aside. Pearce, supra at 714. As we have already determined, Frazier cannot satisfy the obvious threshold in Pearce that his new sentence, consecutive life sentences, is more severe than his original sentence of death. Accordingly,Pearce is inapplicable to the instant case.
 {¶ 14} Therefore, we find that the trial court did not err in ordering that the Cuyahoga County sentences run consecutive to the Medina County sentence. We hold that the imposition of a consecutive sentence after vacating a death sentence does not violate a defendant's right against double jeopardy or his due process rights because the new sentence is neither a harsher punishment nor contrary to law.
 {¶ 15} Accordingly, the assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Corrigan, J. concur
[1] R.C. 2929.41 provides that "a prison term, jail term or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state * * *" unless otherwise provided under Ohio law.