[Cite as *State v. Norris*, 2021-Ohio-4177.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-02-008 |
| | : | O P I N I O N |
| - vs - | | 11/29/2021 |
| | : | |
| SHAUN K. NORRIS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018CR0961

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**BYRNE, J.**

{¶1} Shaun K. Norris appeals from the judgment entry of the Clermont County Court of Common Pleas, which, more than one year after Norris' release from prison, "reimposed" a prison sentence that it concluded Norris had not served. Because the original sentencing entry caused considerable uncertainty as to whether the sentence was intended to be served concurrently or consecutively with other prison sentences, we find that Norris

is entitled to have the benefit of any ambiguity in the sentencing entry construed in his favor. Accordingly, we reverse the decision of the trial court and vacate the "reimposed" sentence.

I. Procedural History

{¶2}     Norris faced criminal charges in three cases before two judges.  In early March 2019, the Clermont County Court of Common Pleas sentenced Norris in all three cases.  In case 2018CR1102 ("Case 1"), involving a single fifth-degree felony count of forgery, the first judge sentenced Norris to a nine-month prison term with credit for 62 days served.  In case 2018CR0941 ("Case 2"), involving two fifth-degree felony counts of drug possession, the second judge imposed two nine-month prison terms, with credit for 62 days served.  The court ordered the two nine-month prison terms in Case 2 to be "served concurrently with one another and concurrently with" the nine-month prison term in Case 1.   In case 2018CR0961 ("Case 3"), involving a single fifth-degree felony count of forgery, the second judge again imposed a nine-month prison term with credit for 62 days served.  However, critically to this appeal, the court stated that "This sentence shall be served consecutively to a companion case [Case 2], but it shall be served concurrently with another companion case, [Case 1]."

{¶3}     No direct appeal was filed with respect to Case 3.  In October 2019, after Norris had served nine months in prison (including credit for time served), the Ohio Department of Rehabilitation and Correction ("ODRC") released Norris from prison.

{¶4}     In November 2020, over a year after Norris' release from prison, a Clermont County grand jury, in a new criminal case ("Case 4"), indicted Norris on one fifth-degree felony count of possession of drugs.  Case 4 was assigned to the second judge.  In December 2020, Norris pleaded guilty to the single count in Case 4.

{¶5}     In January 2021, Norris appeared before the court for sentencing in Case 4. At the beginning of the hearing, the court announced that there was an "additional issue" to

address. The court then summarized the sentences that had been imposed on Norris in Cases 1, 2, and 3. The court indicated that it had ordered that Norris serve the sentence in Case 3 consecutive with the sentence in Case 2 and concurrent with the sentence in Case 1. The court observed that Norris had been transported to the penitentiary but that "the Department of Corrections did not have [Case 3]," that "there was a snafu somewhere," and that as a result Norris had been discharged from prison prematurely.

{¶6} The court further explained that warrants to convey and the return on those warrants to convey were in the files for Cases 1 and 2, but there was no similar documentation in the file for Case 3. The court additionally noted that the sheriff's office claimed to have had a warrant to convey in Case 3 and that it provided the warrant to convey to ODRC when it transferred Norris to prison in March 2019. Ultimately, having concluded that Case 3's nine-month prison term was supposed to have been served consecutive to the nine-month prison term in Case 1, and having concluded that Norris did not serve the Case 3 nine-month prison term, the court indicated that its intention was to "reimpose" Case 3's nine-month prison term.

{¶7} Norris objected. Counsel argued that Case 3's nine-month prison term had been ordered to run both concurrently and consecutively with the sentences in Case 1 and Case 2, which was an impossibility. Counsel further argued that the state had not appealed the sentence in a direct appeal, and that res judicata should apply.

{¶8} The court did not address these arguments but instead concluded that "the sentencing entries are clear, quite frankly," that a mistake was made "somewhere between here and the ODRC," and that the Case 3 sentence would still have to be served. Though the court raised these issues at the sentencing hearing for Case 4, the court issued a "Judgment Entry Reimposing a Prison Sentence" in Case 3. The entry reimposed a nine-month prison sentence. The court, in a Final Judgment and Sentencing Entry filed in Case

4, imposed yet another nine-month prison term in Case 4, which it ran consecutive with the new, reimposed nine-month prison term in Case 3.

{¶9} Norris appeals from the judgment entry reimposing sentence in Case 3, raising three assignments of error. We address the first two assignments of error together.

## II. Law and Analysis

{¶10} Assignment of Error No. 1:

{¶11} THE TRIAL COURT COMMITTED PLAIN ERROR VIOLATING APPELLANT'S DOUBLE JEOPARDY PROTECTIONS UNDER THE UNITED STATES CONSTITUTIONS IN REIMPOSING A NINE MONTH PRISON SENTENCE THAT HAD BEEN SERVED IN ITS ENTIRETY.

{¶12} Assignment of Error No. 2:

{¶13} THE TRIAL COURT ERRED IN REIMPOSING THE NINE MONTH PRISON SENTENCE IN [CASE 3] AS THE COURT HAD NO JURISDICTION TO DO SO.

{¶14} In his first two assignments of error, Norris contends that the court violated his constitutional rights and erred as a matter of law in "reimposing" his nine-month prison sentence from Case 3. Norris further contends that this sentence was a legal impossibility when initially imposed and that any ambiguity in terms of whether his sentence was concurrent or consecutive should be resolved in his favor as a concurrent sentence.

{¶15} The state concedes that the trial court lacked jurisdiction in January 2021 to reimpose Norris' sentence in Case 3. However, the state argues that no prejudice occurred here because Norris was never conveyed to prison on Case 3 and therefore, he never served his nine-month sentence on that case.

## A. Standard of Review

{¶16} An appellate court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2). *State v. Julious*, 12th Dist. Butler No. CA2015-12-

- 4 -

224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *State v. Singh*, 12th Dist. Warren No. CA2020-09-056, 2021-Ohio-2158, ¶ 43.

### B. Ambiguity in Case 3's Sentencing Entry

{¶17} The language in Case 2's sentencing entry is clear: the trial court ordered Case 2's nine-month sentences to be served *concurrently* with Case 1's nine-month sentence. In Case 3's sentencing entry, the court ordered that case's nine-month sentence to run concurrently with Case 1's nine-month sentence and consecutively to Case 2's nine-month sentences. But it was not possible for Case 3's nine-month sentence to be served concurrently with Case 1's nine-month sentence and *consecutively* to Case 2's nine-month sentences because the nine-month sentences in Case 1 and Case 2 were run concurrently with one another. Put more simply, if 1 and 2 are served at the same time, then 3 cannot be served at the same time as 1 but after 2. But this is what the court stated in its Case 3 sentencing entry. The sentencing entry was therefore ambiguous. The trial court's inclusion in Case 3's sentencing entry of R.C. 2929.14(C)(4) findings regarding consecutive sentences does not resolve this ambiguity because the court also clearly stated that Case 3's sentence was to run concurrently with Case 2's sentence.

{¶18} We have previously considered a situation where a court's sentencing entry was ambiguous as to whether a sentence should be served concurrently or consecutively to another sentence and the court subsequently attempted to impose a consecutive sentence. *Hamilton v. Adkins*, 10 Ohio App.3d 217 (12th Dist.1983). There, Adkins pled no contest to three charges and the court imposed a sentence of "30 days in jail * * * in each of the cases * * *." *Id.* The defendant filed his notice of appeal the following day.

Following the notice of appeal, the defendant moved for bail pending appeal. The court held a hearing on the bail motion. *Id.*

{¶19} At the outset of the bail hearing, the court indicated it had not afforded Adkins allocution at sentencing and gave him the opportunity to do so. After giving Adkins an opportunity to speak, the court announced that he was to be sentenced to "30 days in jail on each of the three charges with the jail time to run consecutively." *Id.*

{¶20} In holding that the sentencing entry imposed concurrent jail terms, we observed that R.C. 2929.41 provides that sentences are to be served concurrently unless consecutive sentences are specified, and further held that "By its vague and indefinite sentencing, the trial court provided *considerable uncertainty* as to the length of the sentence to be served by the appellant." (Emphasis added.) *Id.* at 218. We also explained that "*Where there is an ambiguity in the language as to whether the sentences are to be served concurrently or consecutively, a defendant is entitled to have the language construed in his favor.*" (Emphasis added.) *Id.* at 218.

{¶21} This principle is not limited to cases where a trial court simply neglected to indicate whether sentences were to be run consecutively or concurrently. In *State v. Quinones*, 8th Dist. Cuyahoga No. 83720, 2004-Ohio-4485, a defendant was sentenced on three cases and the court announced at the sentencing hearing that all three sentences would be served consecutively. *Id.* at ¶ 25. Consistent with the court's remarks, two of the sentencing entries reflected that all three cases would be served consecutively. *Id.* However, the third sentencing entry indicated that the third case would be served concurrently with the other two cases. *Id.* The Eighth District Court of Appeals determined that the third sentencing entry controlled (not what the trial court stated at the sentencing hearing), and, citing our opinion in *Adkins*, held that any ambiguity with respect to consecutive or concurrent sentences between the three sentencing entries would be

resolved in favor of Quinones, consistent with the principle that "sentencing ambiguities are traditionally resolved in favor of the defendant." *Id.* at ¶ 26. Thus, the third case would be served concurrently with the other two cases. *Id.*

{¶22} Upon review, we find *Adkins* controlling. As written, the sentencing entry on Case 3 constituted a legal impossibility and was therefore ambiguous. Norris could either serve Case 3 concurrently with Cases 1 and 2 or consecutively with Cases 1 and 2. He could not do both without being forced to serve his sentence twice. The sentencing entry created "considerable uncertainty" as to the length of sentence imposed. Norris is entitled to the benefit of having any ambiguity as to his sentence resolved in his favor. Accordingly, the sentence imposed in Case 3, as a matter of law, must be construed to have been imposed concurrently. *Adkins*, 10 Ohio App.3d at 218.

## C. Whether Norris Served his Sentence

{¶23} Next, we find the state's argument that Norris never commenced serving his sentence on Case 3 meritless. The state points to the claim that ODRC never received a warrant to convey on Case 3, even though the sheriff's office claimed to have provided it. However, the "execution of a prison sentence commences 'when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch.'" *State v. Keller*, 12th Dist. Fayette No. CA98-07-011, 1999 WL 74575, at *5-6 (Feb. 16, 1999), quoting *State v. Ballard*, 77 Ohio App.3d 595, 597 (12th Dist. 1991). There is no dispute that the Clermont County Sheriff's office transported Norris to prison following his sentencing in all three cases. The fact that ODRC may have misplaced paperwork is not relevant to whether Norris in fact served his prison sentence. Accordingly, we hold that Norris served his sentence on Case 3.

{¶24} The Ohio Supreme Court has held that,

> when the entirety of a prison sanction has been served, the

defendant's expectation in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified. Put another way, either the defendant or the state may challenge any aspect of a sentence so long as a timely appeal is filed. * * * But once the time for filing an appeal has run, Ohio courts are limited to correcting a void sanction.

*State v. Holdcroft*, 137 Ohio St.3d 526 2013-Ohio-5014, ¶ 18.

{¶25} Here, neither the state nor Norris appealed the sentence imposed in Case 3. Even assuming the trial court had subject matter jurisdiction to clarify or modify the sentencing entry after the time for appeal had run—which the state concedes it did not—it would have had to have done so prior to the completion of Norris' concurrent prison terms. It did not.

{¶26} Assignment of Error No. 3:

{¶27} THE TRIAL COURT COMMITED PLAIN EROR IN FAILING TO CALCULATE JAIL-TIME CREDIT.

{¶28} Norris argues that the court plainly erred due to language in the judgment entry reimposing sentence that indicated that the ODRC should determine if Norris was entitled to jail-time credit. Given our resolution of the preceding assignments of error, this assignment of error is moot and need not be addressed. App.R. 12(A)(1)(c).

### III. Conclusion

{¶29} Norris is entitled to the benefit of the ambiguity in the sentencing entry in Case 3. As conceded by the state, the trial court acted beyond its authority in "reimposing" Norris' sentence and ordering him to serve an additional nine months on Case 3. We sustain Norris' first and second assignments of error, overrule his third assignment of error as moot, and vacate the judgment entry "reimposing" sentence in Case 3.

{¶30} Judgment reversed and sentence vacated.

M. POWELL, P.J., and S. POWELL, J., concur.