**The STATE of Ohio, Appellee,**

v.

**CARR, Appellant.**

[Cite as *State v. Carr,* 167 Ohio App.3d 223, 2006-Ohio-3073.]

Court of Appeals of Ohio,
Third District, Union County.

Nos. 14–05–48, 14–05–49 and 14–05–50.

Decided June 19, 2006.

224

James D. Owen, for appellant.

John M. Eufinger, for appellee.

BRYANT, Presiding Judge.

{¶ 1} Defendant-appellant, Christopher A. Carr, brings these three appeals from the judgments of the Marysville Municipal Court.

{¶ 2} On June 9, 2005, Carr was charged with two violations of child enticement and one charge of obstruction of official business. All three charges are misdemeanors. A jury trial was held and on September 26, 2005, the jury found him guilty of all three offenses. The trial court immediately proceeded to sentencing. The trial court ordered that Carr serve 180 days in jail for each of the criminal child-enticement convictions with 90 days suspended for each. Carr was also ordered to serve 30 days in jail with 27 days suspended for the offense of obstruction of official business. At the sentencing hearing, the trial court was silent as to whether the sentences were to be served concurrently or consecutively. The sentencing entry for the obstruction-of-official-business conviction specifies that this sentence is to be served concurrent to the others. However, the sentencing entries on the child-enticement convictions are silent on this matter. Carr was transported to the jail and began serving his sentence immediately. On October 12, 2005, the trial court entered amended its judgment entries, ordering that the child-enticement sentences be served consecutively to each other. Carr appeals from this judgment and raises the following assignment of error.

> The trial court erred when it sua sponte modified [Carr's] sentences on October 12, 2005 (16 days after [Carr] began serving his sentence), when the trial court had no jurisdiction to do so. As a result, the trial court's October 12, 2005, order is void as a matter of law.

{¶ 3} The first question raised by the assignment of error is whether the trial court had the authority to sua sponte modify the sentence. Once a sentence has been executed, the trial court loses jurisdiction to amend or modify the sentence. *State v. Garretson* (2000), 140 Ohio App.3d 554, 748 N.E.2d 560. The execution of the sentence begins when the defendant is delivered to the institution where the sentence is to be served. Id. Here, Carr was delivered to the jail where he was to serve his sentence on September 26, 2005. Thus, the sentence was executed and the trial court had lost jurisdiction to modify or amend the sentence ordered at a later date.

{¶ 4} Since the trial court had no jurisdiction to modify the sentence, the next question is how the sentence stated at the hearing and in the original judgment entries should be interpreted. Carr and the state both agree that the trial court did not specify at either the hearing or in the original sentencing entries that the two sentences for child enticement were to be served consecutively. Instead, those judgment entries were originally silent on that matter. However, R.C. 2929.41(B) specifies that sentences for misdemeanors shall be served consecutively if the trial court specifies as such. If sentencing is ambiguous as to whether a sentence should be served concurrently or consecutively, the ambiguity must be resolved in favor of the defendant and the sentences must be served concurrently. *State v. Quinones*, 8th Dist. No. 83720, 2004-Ohio-4485,

2004 WL 1903250; *Hamilton v. Adkins* (1983), 10 Ohio App.3d 217, 10 OBR 292, 461 N.E.2d 319. Since there was ambiguity in the sentencing order as to whether the sentences were to be consecutive or concurrent in this case, the ambiguity should have been resolved in favor of Carr and the sentence should have been served concurrently. The assignment of error is sustained.

{¶ 5} The October 12, 2005 judgments of the Marysville Municipal Court are vacated and the September 26, 2005 judgments are reinstated.

Judgments vacated.

ROGERS and CUPP, JJ., concur.