[Cite as *State v. Downey*, 2013-Ohio-4924.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99685**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHASE DOWNEY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558274

**BEFORE:**    Blackmon, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**    November 7, 2013

**ATTORNEY FOR APPELLANT**

Michael J. Cheselka, Jr.
Michael J. Cheselka, Jr., L.L.C.
75 Public Square
Suite 920
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Erica Barnhill
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Chase Downey appeals his sentence and assigns the following sole error for our review:

> The trial court erred when it failed to journalize appellant's sentence in a way consistent with the guidelines and principles of Ohio Revised Code 2929.19 and Rule 11 of the Ohio Rules of Criminal Procedure.

{¶2} Having reviewed the record and pertinent law, we affirm Downey's sentence. The apposite facts follow.

**Facts**

{¶3} On January 19, 2012, the Cuyahoga County Grand Jury indicted Downey on 19 counts. The counts consisted of two counts for aggravated robbery, two counts for attempted murder, one count for grand theft, six counts for felonious assault, two counts for drug trafficking, one count for drug possession, one count for failure to comply, one count for improper handling of a firearm in a motor vehicle, one count for improperly discharging a firearm into a habitation, one count for contributing to the unruliness or delinquency of a child, and one count for possession of criminal tools. Most counts also contained firearm and forfeiture specifications.

{¶4} The charges arose from Downey engaging in a drug deal that turned violent, resulting in Downey shooting the confidential reliable informant two times. Downey and his codefendants fled the scene in an automobile, with gunfire being exchanged between Downey and pursing officers. The automobile ultimately crashed into a guard rail, and a foot chase ensued. Downey was shot by a police officer and arrested.

{¶5} Downey entered into a plea agreement with an agreed sentence. As part of the agreement, Downey entered a guilty plea to one count of aggravated robbery with a firearm specification, two counts of felonious assault with a firearm specification, and one count of drug trafficking with firearm and major drug offender specifications. The parties requested, and the trial court accepted, a recommended sentence of 19 years. The trial court also recommended that the sentence run concurrently with Downey's federal time and that Downey serve his time at the federal facility.[1]

## Journal Entry

{¶6} In his assigned error, Downey does not dispute the actual sentence, but argues the trial court's sentencing entry contains multiple errors.

{¶7} Prior to addressing his claims, we note that this was an agreed sentence. According to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Thus, if these requirements are met, we do not have jurisdiction to review the sentence. *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 22.

---

[1]The federal charges arose out of the same events underlying the Cuyahoga County Common Pleas Court charges. In the federal case, Downey entered guilty pleas to one count of conspiracy to possess with intent to distribute and distribution of cocaine and one count of interstate travel in aid of racketeering. The federal court sentenced Downey to 112 months in prison with eight years of supervised release.

{¶8} Here, the sentence imposed was recommended jointly and imposed by the sentencing judge. However, Downey argues the sentencing entry does not comply with statutory sentencing requirements. Although under prior law, a sentence was considered authorized by law as long as it was within the statutory range in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the Ohio Supreme Court clarified that

> a sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions." (Emphasis added.)

*Id.* at ¶ 20. Thus, we must entertain the appeal to determine if the court comported with statutory sentencing requirements.

{¶9} Downey argues the sentencing entry is defective because the trial court failed to impose a sentence for Count 9 in the sentencing entry. However, the entry states as follows regarding count nine:

> Defendant retracts former plea of not guilty and enters a plea of guilty to trafficking offenses 2953.03(A)(2) F1 with firearm specification(s) — 1 year (2941.141), major drug offender specification(s) 2941.141, forfeiture specification(s) 2941.1417) as charged in Count(s) 9 of the indictment. Defendant advised of mandatory 11 year sentence on this count due to MDO specification and as to mandatory driver's license suspension (6 mos. - 5 years) and mandatory fine of at least $10,000.

Journal Entry, March 14, 2013.

{¶10}    In addition, near the end of the lengthy sentencing entry, the court summarizes the underlying sentences and states "Count nine: 11 years."

{¶11} Although Downey contends otherwise, the court also imposed a mandatory five years of postrelease control.  In the sentencing entry, the court ordered, "Defendant advised of postrelease control for 5 years mandatory."  The court later in the entry also ordered:

> Postrelease control is part of this prison sentence for 5 years mandatory for the above felony(s) under R.C. 2967.28.  Defendant advised that if postrelease control supervision is imposed following his/her release from prison, and if he/she violates that supervision of condition of postrelease control under R.C. 2967.131(B), parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender.

Journal Entry, March 14, 2013.

{¶12} The trial court's use of the language "if postrelease control supervision is imposed" does not dilute the trial court's imposition of the mandatory five-years postrelease control that it ordered two times prior to this statement.  *See State v. Ali*, 8th Dist. Cuyahoga No. 97612, 2012-Ohio-2510 (the second advisement stating "if" postrelease control was imposed, did not create an ambiguity in the mandatory nature of the imposed postrelease control).

**{¶13}** Downey also argues that the trial court's statement in the entry that it "recommends that this sentence be served concurrently with the defendant's federal sentence in Case 1:12CR285, which arises from the same incident," was ambiguous because the court only "recommended" that the state sentence run concurrently with the federal sentence. If the sentence is ambiguous as to whether a sentence should be served concurrently or consecutively, the ambiguity must be resolved in favor of the defendant and the sentences must be served concurrently. *State v. Carr*, 167 Ohio App.3d 223, 2006-Ohio-3073, 854 N.E.2d 571 (3d Dist.).

**{¶14}** Moreover, pursuant to R.C. 2929.41(A), a sentence imposed in state court "shall" be imposed concurrently to a federal court sentence, unless one of the listed exceptions applies. R.C. 2929.41(A) provides as follows:

> Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.

None of the exceptions apply in the instant case.

**{¶15}** Finally,

> while state courts possess authority pursuant to R.C. 2929.41 to order that state sentences be served concurrently to federal sentences, in reality such

authority amounts to a mere recommendation. State courts have no statutory authority to place state convicts in federal prison systems and vice versa.

*State v. Pollard*, 8th Dist. Cuyahoga No. 66571, 1994 Ohio App. LEXIS 3899 (Sept. 1, 1994), citing to *United States v. Herb*, 436 F.2d 566 (6th Cir.1971).

**{¶16}** Accordingly, Downey's assigned error has no merit.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR