[Cite as *State v. Nunez*, 2016-Ohio-812.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102946

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## VICTOR NUNEZ

### DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-522573-A

**BEFORE:** S. Gallagher, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 3, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: T. Allan Regas
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Victor Nunez appeals the sentence imposed upon his resentencing. Upon review, we affirm the judgment of the trial court.

{¶2} In 2009, Nunez was found guilty of three counts of rape, two counts of kidnapping, one count of aggravated burglary, and one count of intimidation. Nunez was sentenced to a total aggregate prison term of 22 years on these counts. On appeal, this court found that Nunez was improperly convicted and sentenced for allied offenses with regard to counts of rape and kidnapping. *State v. Nunez*, 8th Dist. Cuyahoga No. 93971, 2010-Ohio-5589, ¶ 40-41 ("*Nunez I*"). As a result, the case was remanded for a new sentencing hearing. *Id*. at ¶ 42.

{¶3} At the new sentencing hearing, the state elected to have the kidnapping under Count 10 merge into the rape under Count 9, and the kidnapping under Count 13 merge into the rape under Count 12. Following merger of the allied offenses, the trial court sentenced appellant on the remaining counts. Nunez's total aggregate prison term remained 22 years. With regard to running the sentences concurrently or consecutively, the trial court stated as follows:

> As it relates on count seven, the aggravated burglary, a felony of the first degree, the Court is sentencing the defendant to four years on that count.
>
> On count eight, the rape, a felony of the first degree, the Court is sentencing the defendant to eight years, and that will be consecutive to count seven.
> On count nine, also rape, a felony of the first degree, as well the merger of count 10, the kidnapping, but the election is to count nine, the Court will sentence the defendant to eight years, and that will be consecutive to count seven and count eight.
>
> In addition, *on count 11*, the intimidation, a felony of the third degree, the Court sentences the defendant to *two years, and that will be consecutive to counts seven and nine*.
>
> On count 12, the rape, a felony of the first degree, the Court will sentence the defendant to eight years, and that will be concurrent with all of the remaining

counts the Court has sentenced the defendant on. As well, I'll note that the kidnapping was merged with that count as well.

* * *

Your total aggregate sentence again is 22 years, which is the identical sentence that I gave to you at your sentencing hearing.

(Emphasis added.) The trial court also imposed five years of mandatory postrelease control and classified appellant as a Tier III sex offender.

{¶4} Nunez was granted a writ of habeas corpus in federal court, which instructed that Nunez be granted leave to take a delayed appeal. Consistent therewith, this court granted Nunez's motion for leave to file a delayed appeal.

{¶5} Nunez raised two assignments of error in his appellate brief and an additional two assignments of error in his supplemental brief that was filed with leave of court. Although the supplemental assignments of error are represented as supplemental to the original assignments of error, we shall address each assignment of error that has been raised in this appeal.

{¶6} Under his first assignment of error, Nunez argues that the trial court erred in imposing consecutive sentences without making the required findings as required under R.C. 2929.14(C). Nunez relies on the current version of the statute as amended by Am.Sub.H.B. 86, effective September 30, 2011. This version of the statute is simply not applicable in this case.

{¶7} The resentencing hearing occurred on December 28, 2010, prior to the effective date of H.B. 86. The pre-H.B. 86 statutory requirement under R.C. 2929.14(E)(4) for trial courts to make specific factual findings prior to imposing consecutive sentences was rendered unconstitutional and severed from the statute in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 99. In *Foster*, the court further stated, "trial courts have full

discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id*. at ¶ 100.

**{¶8}** The Ohio Supreme Court also held that the United States Supreme Court in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), did not revive the former consecutive-sentencing statutory provisions that were held unconstitutional in *Foster* and that "the consecutive-sentencing statutes severed by *Foster* * * * remain null and of no effect absent an affirmative act of the General Assembly." *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 36-37. In response, the General Assembly enacted H.B. 86, effective September 28, 2012, which revived the requirement for a trial court to make specific findings on the record, as set forth in R.C. 2929.14(C)(4), when imposing consecutive sentences. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-23.

**{¶9}** In this case, Nunez's resentencing hearing occurred on December 28, 2010, prior to the effective date of H.B. 86. At that time, trial judges were not mandated to make statutory findings as a prerequisite to imposing consecutive sentences. *See Foster* at ¶ 99; *Hodge* at ¶ 36-37. The trial court therefore was not required to make the findings contained in R.C. 2929.14(C) before imposing consecutive sentences. *See State v. Johnson*, 2015-Ohio-96, 27 N.E.3d 9, ¶ 63 (8th Dist.); *State v. Calliens*, 8th Dist. Cuyahoga No. 97034, 2012-Ohio-703, ¶ 28 (recognizing that the provisions of H.B. 86 are not applicable to individuals who were sentenced prior to the September 30, 2011 effective date). The first assignment of error is overruled.

**{¶10}** Under his second assignment of error, Nunez claims that the sentence imposed on Count 11 must run concurrently with that imposed on Count 8 and that the trial court erred in

imposing a sentence via its journal entry that had not been pronounced in open court. We find no merit to his argument.

{¶11} As an initial matter, we recognize that Nunez is challenging the consecutive nature of a sentence imposed upon resentencing. In Ohio, appellate courts lack authority to vacate an entire sentence when only a portion of that sentence is subject to being remanded. *State v. Huber*, 8th Dist. Cuyahoga No. 98206, 2012-Ohio-6139, ¶ 17, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. Moreover, a court does not have authority to review an entire multiple-offense sentence when only a portion of that sentence was found to be in error. *Wilson* at ¶ 15. Thus, following a remand based only on an allied-offenses sentencing error, the hearing on remand is limited to the issue found to be in error on appeal. *See id*. The determination of guilt remains the law of the case, and the scope of a new sentencing hearing is limited to the state's selection of which offenses it wants to pursue for sentencing, merger of the offenses accordingly, and the court's imposition of a sentence that is appropriate for the remaining offense or offenses. *Id*. at ¶ 18.

{¶12} Nevertheless, where a matter is remanded for the merger of allied offenses, the consecutive nature of the sentence, if so imposed, is no longer intact because it is only after the judge has imposed a separate prison term for each offense that the judge may consider whether the offender shall serve those terms concurrently or consecutively. *Huber* at ¶ 24, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. Thus, at a resentencing hearing in such a case, the trial court must first sentence the defendant on the merged offense or offenses before it may consider whether the prison terms should be served consecutively or concurrently. *Huber* at ¶ 24.

{¶13} In *Nunez* I, we remanded the matter for a new sentencing hearing with respect to the allied offenses. *Nunez*, 8th Dist. Cuyahoga No. 93971, 2010-Ohio-5589, ¶ 44. At the sentencing hearing, the trial court first had to impose a prison term upon the state's elected offenses before the court could determine whether Nunez should serve consecutive or concurrent prison terms. Therefore, we shall review the challenge raised herein.

{¶14} Where a sentence is ambiguous as to whether a consecutive or concurrent term applies, a court must resolve the ambiguity in favor of the defendant. *State v. Downey*, 8th Dist. Cuyahoga No. 99685, 2013-Ohio-4924. However, the failure to explicitly use the word "consecutive" does not necessarily create an ambiguity or require that a sentence run concurrently. *See State v. Bass*, 10th Dist. Franklin Nos. 12AP-622 and 12AP-623, 2013-Ohio-4503, ¶ 36-37.

{¶15} Although the trial court did not specifically state in pronouncing its sentence that the term on Count 11 was to run "consecutive" to the term on Count 8, it clearly indicated that it was imposing a sentence consistent with the original sentencing, which ran those counts consecutive. As stated by the trial court:

> The State is asking for the same sentence that was imposed at the original sentencing in the case. I think it's important to note that for the kidnapping sentences, that those run concurrent at the original sentencing, so by merging them today, it does not affect the original sentence of the aggravated burglary consecutive to the rapes consecutive to the intimidation.

The court further indicated:

> Your total aggregate sentence again is 22 years, which is the identical sentence that I gave to you at your sentencing hearing.

* * * [Y]ou are receiving an identical sentence to the sentence that I gave to you at the time of your sentencing hearing.

{¶16} Consistent with the sentence imposed upon the record, the court's journal entry states in part:

THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF 22 YEAR(S). 4 YEARS ON COUNT 7; 8 YEARS ON COUNTS 8, 9, AND 12; 2 YEARS ON COUNT 11. STATE OF OHIO PURSUANT TO COURT OF APPEALS ELECTS TO MERGE COUNT 10 INTO COUNT 9 AND COUNT 13 INTO COUNT 12. COUNTS 7, 8, 9, AND 11 TO RUN CONSECUTIVE TO EACH OTHER; COUNT 12 TO RUN CONCURRENT WITH ALL OTHER COUNTS. * * *

{¶17} After a thorough review, we find that there is no ambiguity in the record and that the court's sentencing entry is consistent with the court's decision at the sentencing hearing. The second assignment of error is overruled.

{¶18} Under his third assignment of error, Nunez claims the trial court erred in failing to merge Counts 8 and 9, both of which were rape counts against the same victim, J.L. Appellant maintains that in *Nunez* I, the court determined that these were allied offenses committed with a single animus and that the determination is the law of the case. Our review reflects otherwise.

{¶19} In *Nunez* I, the court set forth the facts underlying the subject offenses involving J.L. as follows:

J.L. and N.J. both testified that at around 3:30 a.m. on February 14, 2009, they were sitting in J.L.'s apartment talking when J.L. received a phone call from appellant, who indicated that he and his wife were outside and needed J.L. to let them in. After opening the apartment door, J.L. saw appellant, but his wife was not there. J.L. attempted to shut the door, but appellant forced his way inside the apartment.

J.L. testified that she went to her bedroom to avoid appellant, but he followed her. He came into her bedroom and began "ripping" her clothes off. She told him to stop, but he threw her on the bed and held her there. He pulled her hair and repeatedly asked whether she would like her cousin to watch what he was doing. J.L. testified that, at one point, *appellant used his knees to hold her down and repeatedly shoved his penis into her mouth.* She was unable to escape because of the force appellant was exerting against her. *Appellant then changed positions and engaged in vaginal intercourse with her.*

(Emphasis added.) *Nunez* I, 8th Dist. Cuyahoga No. 93971, 2010-Ohio-5589, ¶ 6-7.

**{¶20}** Counts 8 and 9 were charges of rape arising from the oral and vaginal rape of J.L. Count 10 arose from appellant's kidnapping of J.L. It has been recognized that rape involving different types of sexual activity, such as vaginal intercourse, digital penetration, and oral rape, arise from distinct conduct and are not considered allied offenses, even when committed during the same sexual assault. *See, e.g., State v. Williams*, 1st Dist. Hamilton No. 140199, 2015-Ohio-3968, ¶ 59-60; *State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377, ¶ 33; *State v. Adams*, 10th Dist. Franklin No. 13AP-783, 2014-Ohio-1809, ¶ 11-12; *State v. Trotter*, 8th Dist. Cuyahoga No. 97064, 2012-Ohio-2760, ¶ 45.

**{¶21}** In *Nunez* I, the court found only that the offenses of rape and kidnapping are allied offenses:

We first address Counts 12 and 13, rape and kidnapping respectively, related to the offense committed against N.J. It is well established that rape and kidnapping are allied offenses. *State v. Walton*, Cuyahoga App. No. 93659, 2010-Ohio-3875, ¶ 8, citing [*State v. Blankenship*, 38 Ohio St.3d 116, 117, 526 N.E.2d (1988)]. There is nothing in the record that indicates appellant kidnapped and raped N.J. with a separate animus. He engaged in one continuous course of action, and thus he could be sentenced for only one of the two allied offenses.

Appellant was also convicted and sentenced for two counts of rape and one count of kidnapping for the offenses committed against J.L. As addressed above, *rape and kidnapping are allied offenses.* Similarly, the evidence reveals

that appellant committed these offenses with a single animus, and thus he was improperly convicted and sentenced for allied offenses.

This matter must be remanded to the trial court for a new sentencing hearing where the state shall choose which charge it wishes to proceed under.

(Emphasis added.)   *Nunez* I at¶ 40-42.

{¶22} Contrary to appellant's argument, there was no determination that the separate rape counts constituted allied offenses of similar import.   The court's analysis and holding in *Nunez* I related to the merger of rape and kidnapping.   There was no discussion of merger of the multiple rape counts.   The court's directive for the state to "choose which charge it wishes to proceed under" followed from the determination that rape and kidnapping are allied offenses.   Upon remand, the state elected that the kidnapping under Count 10 merge into the rape under Count 9. The trial court followed the directive of *Nunez* I and merged these offenses and proceeded to sentencing on the remaining count.   No objections were made.   Finding no error occurred, we overrule appellant's third assignment of error.

{¶23} Under his fourth assignment of error, appellant claims trial counsel was ineffective at the resentencing by failing to argue that Counts 8, 9, and 10 were allied to each other and must merge into a single count.   In order to substantiate a claim of ineffective assistance of counsel, the appellant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 200, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

The defendant has the burden of proving his counsel rendered ineffective assistance. *Perez* at ¶ 223.

**{¶24}** As determined above, in *Nunez* I, the court determined only that rape and kidnapping are allied offenses subject to merger. The resentencing hearing was limited to the state's election of which of these offenses it wished to pursue for sentencing, the merger of the allied offenses accordingly, the court's imposition of a sentence for the remaining offenses, and the court's determination of whether the prison terms should be served consecutively or concurrently. As appellant has shown neither deficient performance of counsel nor resulting prejudice, he has failed to establish ineffective assistance of counsel. The fourth assignment of error is overruled.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR