[Cite as *State ex rel. Crowley v. Dept. of Rehab. & Corr.*, 2018-Ohio-2526.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Bryant Crowley, | : | |
| Relator, | : | |
| v. | : | No. 17AP-198 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on June 28, 2018

*Bryant Crowley*, pro se.

*Michael DeWine,* Attorney General, and *Andrea K. Boyd*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

TYACK, J.

{¶ 1} Bryant Crowley, an inmate at Ross Correctional Institution ("RCI") filed this action in mandamus, seeking a writ to compel the Ohio Department of Rehabilitation and Correction ("ODRC") to amend his maximum expiration date.

{¶ 2} In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision, appended hereto, which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we deny the requested writ.

{¶ 3} Counsel for Crowley, before attempting to withdraw as counsel, filed objections on his behalf.

{¶ 4} Based on our independent review of the evidence in the record, we overrule relator's objections and we adopt the findings of fact and conclusions of law contained in the magistrate's decision. As a result, we deny the request for a writ of mandamus.

{¶ 5} We also permit counsel for Crowley to withdraw as counsel.

*Motion to withdraw as counsel granted;*
*Objections overruled; writ denied.*

BROWN, P.J., and LUPER SCHUSTER, J., concur.

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Bryant Crowley, | : | |
| Relator, | : | |
| v. | : | No. 17AP-198 |
| Ohio Department of Rehabilitation & Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 5, 2018

*Matthew J. Barbato,* for relator.

*Michael DeWine*, Attorney General, and *Andrea K. Boyd,* for respondent.

IN MANDAMUS

{¶ 6} In this original action, relator, Bryant Crowley, an inmate of the Ross Correctional Institution ("RCI"), requests a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC" or "respondent"), to amend its calculation of the sentence maximum expiration date such that the date is listed on its records as October 16, 2017 rather than April 12, 2022.

Findings of Fact:

{¶ 7} 1. On September 25, 2017, pursuant to an order of the magistrate, relator and respondent jointly filed the stipulation of evidence.

**{¶ 8}** 2. Among the stipulated documents is the affidavit of Janet Couts executed September 7, 2017. The Couts affidavit avers:

> [Two] I am currently employed by the Ohio Department of Rehabilitation and Correction (ODRC) as a Correction Records Sentence Computation Auditor with the Bureau of Sentence Computation (BOSC). My duties include interpreting official court documents and other related papers in the possession of the ODRC and calculating offenders' sentences and release dates.
>
> [Three] I created the attached sentence computation, dated September 7, 2017, for Inmate Bryant Crowley, A515-336, at the request of Assistant Attorney General Andrea Boyd. To create this computation, I reviewed BOSC's records pertaining to Inmate Crowley. True and accurate copies of some of those records are attached to the sentence computation.

**{¶ 9}** 3. Appended to the affidavit is a three-page memorandum that Couts referenced as "the attached sentence computation." Dated September 7, 2017, the memorandum is addressed to Andrea Boyd who is the assistant attorney general assigned as counsel for respondent in this action.

**{¶ 10}** 4. In respondent's brief filed in this action on November 7, 2017, under the caption "Procedural Posture and Factual Background," respondent's counsel sets forth in detail the relevant facts to be considered. That portion of respondent's brief is derived from the Couts affidavit. The magistrate adopts the following portion of respondent's brief as the magistrate's findings of fact:

> Relator has been incarcerated a total of four times beginning in 1993, under three different inmate numbers, for various criminal convictions. * * * Relator was first admitted to the custody of ODRC on March 29, 1993, for a conviction of Complicity to Aggravated Robbery, in Clark County Case No. 92-CR-6[3]2. * * * Relator was sentenced to serve an indefinite sentence of six (6) to twenty-five (25) years. * * * Relator was paroled for the first time on September 20, 2001. * * * At this time, the maximum expiration date of the only sentence for which he was under supervision of the Adult Parole Authority—Case No. 92-CR-6[3]2—was October 16, 2017. * * *

On October 30, 2002, Relator was admitted to the custody of ODRC for the second time for a Forgery conviction in Clark County Case No. 02-CR-309. * * * Relator received an eleven (11) month sentence for this conviction. * * * As a result, Relator's parole was revoked, and his indefinite sentence of 6 to 25 years in Case No. 92-CR-632 was re-imposed. * * *

After serving the entirety of the 11 month sentence, Relator was granted parole for a second time in Case No. 92-CR-632 on January 12, 2004. * * * On May 12, 2004, Relator was returned to the custody of ODRC because he again violated the terms of his parole in Case No. 92-CR-632. * * * Relator was granted parole for the third time on January 3, 2005. * * * Because Relator had been incarcerated on Case No. 92-CR-632, the maximum expiration date of that indefinite sentence was still October 16, 2017. * * *

On January 23, 2006, Relator was admitted to the custody of ODRC for a fourth time * * * following a Burglary conviction in Clark County Case No. 05-CR-819. * * * In addition to the two (2) year sentence that he received as a result of this newest conviction, Relator's parole was revoked in Case No. 92-CR-632, and his indefinite 6 to 25 year sentence was again re-imposed. * * *

While incarcerated in ODRC on the two year definite sentence in 05-CR-819 and the balance of his indefinite sentence in 92-CR-6[3]2, Relator received three additional prison sentences for crimes he committed while on parole. * * * On May 5, 2006, Relator received a two and one half (2 1/2) year sentence for two Assault convictions, which was ordered to be served consecutively to the prison term he was currently serving. * * *

On February 26, 2007, Relator received an 18 month sentence for a conviction of Aggravated Assault, to run concurrently to the 2-year definite sentence that was just imposed for his Burglary conviction in Clark County Case No. 05-CR-819. * * * Lastly, on July 5, 2007, Relator received a two (2) year sentence as a result of a Felonious Assault conviction, ordered to be served consecutively to his current prison sentence. * * * Given these additional sentences, Relator's total prison term consists of a definite 6 year and 6 month sentence and a 6 to 25 year indefinite sentence. * * * As a result of these additional convictions, and the orders for consecutive sentencing on

several of the cases, the maximum expiration of all of Relator's sentences is April 12, 2022. * * *

Relator again came before the Parole Board in Case No. 92-CR-632 on January 6, 2010. * * * However, given that Relator had not yet completed serving his definite sentences for Burglary, Assault, and Felonious Assault, he was deemed "not eligible" for release. * * * A subsequent Parole Board Hearing was tentatively scheduled for February 28, 2012, after Relator completed the definite sentences—totaling 6.5 years—that he began serving on January 23, 2006. * * *

On January 4, 2012, Relator's first Parole Hearing where he was eligible for release occurred. * * * Relator's case was referred to Central Office Board Review ("COBR") for release consideration. * * * It was noted that Relator had served 77 months (6.42 years) at the time of this hearing, and that his first statutory eligibility date was January 2012. * * * On January 25, 2012, COBR continued Relator's parole hearing until January 2, 2017, citing that a "release at this time, would not serve in the best interest or welfare of society." * * * Relator was again considered for parole on November 8, 2016. * * * At this most recent hearing he was deemed "not suitable for release at this time" based on the severity of the crimes committed, among other factors. * * * Relator will next appear before the Parole Board on November 1, 2019.

(Respondent's brief at 1-7.)

Conclusions of Law:

{¶ 11} The issue is whether three sentencing entries are ambiguous as to whether relator shall serve the sentences consecutively or concurrently to the indefinite sentence of 6 to 25 years entered by the Clark County Court of Common Pleas in March 1993 in case No. 92-CR-632.

{¶ 12} The first sentencing entry at issue was entered in May 2005 by the Clark County Court of Common Pleas in case No. 06-CR-102. That entry imposed a two and one-half year definite sentence for two assault convictions that followed a jury trial. That sentencing entry states in part:

It is the ORDER of this Court that defendant serve the following prison terms:

> Count one-Assault of a Police Officer-twelve (12) months.
> Count two-Assault of a Police Officer-eighteen (18) months.
> For a total prison term of two and one half (2 1/2) years, to be served CONSECUTIVELY with prison term defendant is currently serving.

(Emphasis sic.)

{¶ 13} The second sentencing entry at issue was entered in July 2007 by the Warren County Court of Common Pleas in case No. 06CR23350. That entry sentenced relator for the offense of felonious assault. The entry states in part:

> It is hereby ORDERED that Defendant serve:
>
> As to COUNT 1: a term of 2 years in prison, of which 0 years is a mandatory term pursuant to R.C. §2929.13(F), §2929.14(D)(3) or Chapter 2925. To run consecutively to current prison sentence.

(Emphasis sic.)

{¶ 14} The third sentencing entry at issue was entered in January 2006 by the Clark County Court of Common Pleas in case No. 05-CR-819. That entry sentenced relator pursuant to a plea of guilty to the crime of burglary, a felony of the third degree. In the sentencing entry, there is no mention as to whether the two year definite prison term imposed is to be served consecutively or concurrently. The entry simply states: "It is the ORDER of this Court that defendant serve a prison term of two (2) years." (Emphasis sic.)

### Alleged Ambiguity in Sentencing Entries:
### Cases Cited by Relator

{¶ 15} In *State v. Carr,* 167 Ohio App.3d 223, 2006-Ohio-3073, at ¶ 4, the court states:

> If sentencing is ambiguous as to whether a sentence should be served concurrently or consecutively, the ambiguity must be resolved in favor of the defendant and the sentences must be served concurrently. *State v. Quinones*, 8th Dist. No. 83720, 2004 Ohio 4485and *Hamilton v. Adkins* (1983), 10 Ohio App.3d 217, 10 Ohio B. 292, 461 N.E.2d 319. Since there was ambiguity in the sentencing order as to whether the sentences were to be consecutive or concurrent in this case, the

ambiguity should have been resolved in favor of Carr and be served concurrently.

{¶ 16} In *State v. Downey,* 8th Dist. No. 99685, 2013-Ohio-4924, the appellate court states:

Downey also argues that the trial court's statement in the entry that it "recommends that this sentence be served concurrently with the defendant's federal sentence in Case 1:12CR285, which arises from the same incident," was ambiguous because the court only "recommended" that the state sentence run concurrently with the federal sentence. If the sentence is ambiguous as to whether a sentence should be served concurrently or consecutively, the ambiguity must be resolved in favor of the defendant and the sentences must be served concurrently. *State v. Carr*, 167 Ohio App.3d 223, 2006-Ohio-3073, 854 N.E.2d 571 (3d Dist).

*Id.* at 6.

### Service of Prison Terms:  Cases Cited by Respondent

{¶ 17} In *Johnson v. Moore,* 149 Ohio St.3d 716, 2017-Ohio-2792, ¶ 7, the Supreme Court of Ohio states:

"When a sentencing court imposes a definite term of imprisonment consecutively to an indefinite term, the Ohio Administrative Coderequires the prisoner to serve the definite term first, followed by the indefinite term." *Jones v. Dep't. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-138, 2016-Ohio-5425, ¶ 16; Ohio Adm.Code 5120-2-03.2(E).

{¶ 18} In *Davis v. Dept. of Rehab. & Corr.,* 10th Dist. No. 14AP-337, 2014-Ohio-4589, ¶ 16, this court states:

When a definite term of imprisonment was imposed consecutively to an indefinite term, the prisoner must serve the definite term first, followed by the indefinite term. Former R.C. 2929.41(C)(4); Ohio Adm.Code 5120-2-03(E)(5). While the prisoner serves the definite term, the indefinite term is tolled. *State ex rel. Foster v. Ohio State Adult Parole Auth.*, 10th Dist. No. 91AP-1109, 1992 Ohio App. LEXIS 4065 (Aug. 6, 1992), aff'd, 65 Ohio St.3d 456, 1992 Ohio 82, 605 N.E.2d 26 (1992).

In his brief, relator argues:

On January 23, 2006, Relator was returned to the institution for Case No. 05 CR 819, Burglary, to serve a definite two (2) [year] sentence. On May 5, 2006, Relator received another prison definite sentence for Case No. 06 CR 102, two counts of Assault, of 2.5 years to run "consecutively with the prison term defendant is currently serving." * * *

On July 5, 2007, Relator received another definite prison term for Case No. 06 CR 23350, Felonious Assault, of two (2) years, "to run consecutively to current prison sentence." * * *

The sentencing entries in Case No.'s 05 CR 819, 06 CR 102 and 06 CR 23350 are ambiguous when determining whether the sentence imposed should be consecutive to Relator's indeterminate sentence and should therefore be read in favor of the Relator and be considered to run concurrent.

The sentencing entries prepared by the Courts in question, specifically in Case No.'s 05 CR 819, 06 CR 102 and 06 CR 23350 do not include any reference to Relator's indeterminate sentence imposed in 92 CR 632. Nor is there any reference to the fact that Relator was on parole at the time these sentences were imposed. It is unclear, because there is no reference whatsoever, whether the Court itself was aware the Relator was on Parole and whether it was that Court's intention that its prison sentence was to run concurrently or consecutively to Relator's indeterminate sentence.

Just as valid an interpretation of these Court's sentencing entries is that the Courts intended that the sentences run consecutive to the other prison sentences imposed under these other case numbers only.

(Relator's brief at 5-6.)

{¶ 19} In its brief, respondent argues:

Contrary to Relator's assertion that the sentencing entries in Case Nos. 06-CR-102 and 06-CR-23350 are "ambiguous" as to whether the sentences imposed should have been imposed consecutively to Relator's indeterminate sentence, the plain language of the entries is clear. As noted by Relator, the language in the sentencing entries in Case Nos. 06-CR-102 and 06-CR-23350 respectively state that the sentences were

"to be served consecutively with the prison term defendant is currently serving," and "to run consecutively to [his] current prison sentence." * * *

Relator's parole was revoked in Case No. 92-CR-632 prior to the imposition of these sentences; he was admitted into the custody of ODRC on January 23, 2006 on both Case No. 05-CR-819 and 92-CR-632. * * * Relator's indefinite sentence in 92-CR-632 was therefore part of his "prison term" prior to the imposition of sentence in 06-CR-102 and 06-CR-23350. It stretches credulity that the trial courts in Case Nos. 06-CR-102 and 06-CR-23350 meant for the consecutive language in their sentencing entries to be applicable only to the definite term Relator was serving in 05-CR-819, and not to any indefinite term that he was serving. Rather, given the use of the language "prison term currently serving," and "current prison sentence," it seems the courts intended these definite terms to run consecutively to any time for which Relator was currently incarcerated, which would include 92-CR-632.

(Respondent's brief at 15-16.)

{¶ 20} The magistrate agrees with respondent's argument and disagrees with relator's argument. There is no requirement that the sentencing entries in case Nos. 06-CR-102 and 06 CR 23350 that imposed definite sentences reference case No. 92CR-632 that imposed the indefinite sentence of 6 to 25 years. As indicated in the findings of fact of this magistrate's decision, relator's parole was revoked in case No. 92CR-632 prior to the imposition of the definite sentences imposed in case Nos. 06CR-102 and 06CR-23350.

{¶ 21} In order to obtain a writ of mandamus, the relator must demonstrate (1) that he has a clear legal right to the relief prayed for, (2) that respondent has a clear legal duty to perform the requested relief, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983).

{¶ 22} Moreover, relator bears the burden of proving his entitlement to the relief requested by clear and convincing evidence. *State ex rel. Doner v. Zody,* 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 55-57.

{¶ 23} Based on the foregoing discussion, it is clear that relator has failed to prove by clear and convincing evidence that he has a clear legal right to the relief requested and that respondent has a clear legal duty to perform the requested relief.

{¶ 24} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).