[Cite as *State v. Beaver*, 2018-Ohio-2840.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106170**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DUSTIN J. BEAVER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AS MODIFIED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-602795-A

**BEFORE:** Keough, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 19, 2018

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Melissa Riley
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In January 2016, defendant-appellant, Dustin J. Beaver, was named in a seven-count indictment charging him with five counts of rape and two counts of kidnapping. He subsequently pleaded guilty to one count of rape and an amended count of attempted rape. On October 24, 2016, the trial court sentenced Beaver to a total of nine years, to be served consecutively to the one-year sentence in Cuyahoga C.P. No. CR-15-592396, which was imposed on February 24, 2015.

{¶2} In this delayed appeal, Beaver contends in his sole assignment of error that the trial court failed to make the requisite findings prior to imposing consecutive sentences. Pursuant to Loc.App.R. 16(B), the state concedes the error. However, after reviewing the record, this court was concerned that the issue may be moot because the trial court ordered the nine-year sentence to be served consecutively to a sentence that was already completed. Accordingly, this court ordered the parties to brief the following issue:

> What effect does the trial court's journal entry dated October 18, 2016 in Cuyahoga C.P. No. CR-16-602795 ordering the nine-year "sentence to run consecutive to the sentence that he is presently serving on CR-592396" have on the conceded error in this appeal? Pursuant to the February 24, 2015 sentencing journal entry in Cuyahoga C.P. No. CR-15-592396, appellant was ordered to serve a one-year sentence, which would have been completed by the time appellant was sentenced in CR-16-602795.

{¶3} The state responded that the trial court intended that Beaver serve the nine-year sentence consecutive to the prison sentence he was still serving. The state concedes that Beaver completed his sentence in CR-15-592396, but maintains that the error can be corrected by having the trial court issue a nunc pro tunc and order the nine-year sentence consecutive to the case number under which Beaver is still serving his sentence. Defense counsel responded by "agree[ing] completely with the arguments and conclusions" provided by the state. However,

we do not.

{¶4} It is axiomatic that the trial court speaks through its journal entry. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, citing *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 455, 727 N.E.2d 907 (2000). Therefore, we must review the sentencing journal entries in these cases to decide the issue before this court.

{¶5} When Beaver was sentenced for the rape offenses, the court stated in open court:

> Okay. This sentence will run consecutive to the sentence that he is now serving, and that will be in case number 592396, which is also concurrent to 586857 and 585738. Okay.

(Tr. 41-42.) The sentencing journal entry accurately reflects the court's oral pronouncement — "sentence to run consecutive to the sentence that he is prensently [sic] serving on CR-592396." Therefore, the use of a nunc pro tunc would be improper. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15 (nunc pro tunc entries are limited to reflect what the court actually decided, not what the court might or should have decided); *State v. Waltz*, 2014-Ohio-2474, 14 N.E.3d 429, ¶ 28 (12th Dist.) (a trial court lacks authority to correct final entry to reflect the court's intention of imposing a five-year term of community control, when the trial court at the hearing and in the final entry imposed a one-year term). Moreover and absent any exceptions, "once a sentence has been executed, the trial court loses jurisdiction to amend or modify the sentence." *State v. Carr*, 167 Ohio App.3d 223, 2006-Ohio-3073, 854 N.E.2d 571 (3d Dist.), ¶ 3, citing *State v. Garretson*, 140 Ohio App.3d 554, 748 N.E.2d 560 (12th Dist.2000).

{¶6} The record clearly reflects that at sentencing and in its journal entry, the trial court ordered Beaver's nine-year sentence consecutive to *the sentence* in CR-15-592396, which was only one year. If the court wanted to impose an aggregate sentence of 13 years, the court should

have ordered Beaver's nine-year sentence consecutive to the four-year sentence imposed in CR-14-586857. As this court has previously stated, "we are bound by the record as presented. Whatever was the trial court's intention with respect to the aggregate sentence, it must be set aside." *State v. Montanez-Roldon*, 8th Dist. Cuyahoga No. 103509, 2016-Ohio-3062, ¶ 4 (discussing court ordering community control consecutive to a nonexistent sentence in another case).

{¶7} Accordingly the trial court's failure to make the statutory findings pursuant to R.C. 2929.14(C)(4) is harmless and the assignment of error is overruled. The portion of the trial court's entry ordering Beaver's nine-year sentence to run consecutive to an already served sentence is vacated. The nine-year sentence, therefore, will run concurrent with the sentence he is currently serving. *See* R.C. 2929.41(A).

{¶8} Judgment affirmed as modified.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed as modified, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR