[Cite as *State v. Harris*, 2022-Ohio-1396.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                               No. 110565

    v.                                       :

RAFAEL HARRIS,                          :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 28, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-653363-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Ronni Ducoff, Assisting Prosecuting Attorney, *for appellee*.

Mary Elaine Hall, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Rafael Harris ("Harris") appeals his sentence following guilty pleas. For the reasons set forth below, we affirm.

## Procedural and Factual History[1]

{¶ 2}  On September 28, 2020, a grand jury returned a ten-count indictment against Harris comprised of two counts of rape, one count of attempted rape, four counts of gross sexual imposition, one count of illegal use of a minor in nudity-oriented material or performance, and two counts of disseminating matter harmful to juveniles.  The indictment stemmed from allegations of sexual misconduct Harris committed against the minor daughter of his long-term live-in girlfriend.

{¶ 3}  On April 13, 2021, following a negotiated agreement with the state, Harris appeared in court to enter guilty pleas.  Pursuant to the agreement, Harris would plead guilty to two counts of sexual battery because of the state amending the rape charges in Counts 1 and 2 respectively.  Harris would also plead guilty to one count each of gross sexual imposition and of disseminating matter harmful to juveniles as charged in Counts 4 and 10 respectively.  In exchange, the state would dismiss the remaining charges.

{¶ 4}  Prior to accepting Harris' pleas, the trial court advised Harris of the constitutional rights that he would be waiving by pleading guilty.  The trial court reviewed the nature of the charges, the maximum penalties involved, and advised Harris that he would be classified as a Tier III sexual offender.  Harris then entered guilty pleas as outlined above, the trial court ordered a presentence-investigation report, and scheduled the sentencing hearing for May 18, 2021.

---

[1] The appeal stems from a negotiated guilty plea, and Harris' sole challenge is to an alleged ambiguity in the sentence imposed.  Therefore, we will not render a detailed recitation of the underlying facts.

{¶ 5} At the sentencing hearing, the trial court began by indicating that it had reviewed the presentence-investigation report, as well as a report prepared by a social worker, regarding Harris' mental health. The trial court then heard from the state, defense counsel, Harris, the victim's mother, and Katie Kruger, an advocate from the Cleveland Rape Crisis Center, who read a letter written by the victim.

{¶ 6} Thereafter, the trial court proceeded to sentence Harris to five years on each count of sexual battery, 18 months on the gross sexual imposition count, and 12 months on the disseminating matter harmful to juvenile count. The trial court ordered Harris to serve the two five-year sentences for sexual battery consecutively to each other for a total prison sentence of 10 years.

{¶ 7} Harris now appeals and assigns the following sole error for review:

## Assignment of Error

Whether the trial court below committed plain error when it failed to make specific findings to include the sentences on Count 4 / 18 months and Count 10 / 12 months consecutive to or concurrent with the 10-year consecutive sentence in Counts 1 and 2.

## Law and Analysis

{¶ 8} In the sole assignment of error, Harris argues that the trial committed plain error by failing to make specific findings whether the sentences in Counts 4 and 10 were to be served consecutive to, or concurrent with, the total 10-year consecutive sentence for the two counts of sexual battery.

{¶ 9} Initially, we note, R.C. 2929.41, regarding multiple sentences, provides in pertinent part:

(A) Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States * * *.

{¶ 10} Thus, under R.C. 2929.41(A), the presumption in Ohio is that sentences are to run concurrently, unless where the trial court makes the R.C. 2929.14(C)(4) findings for consecutive sentences. *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 25, citing *State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.41(A).

{¶ 11} At the heart of Harris' challenge to the imposed sentence is the notion that the trial court should have made specific findings relative to Counts 4 and 10. Harris' challenge suggests that the "specific findings" would remove any ambiguities in the sentence that the trial court pronounced. As framed, Harris asserts he is unable to discern whether he is to serve 10 years or 12 and a half years.

{¶ 12} In this matter, in imposing sentence, the trial court stated:

The [c]ourt having considered all the required factors under [R.C.] 2929.11, [.]12 and [.]13, at this time sentences the defendant to Count 1, five years in Lorain Correctional Institution. Count 2, five years in Lorain Correctional Institution. Count 4, I sentence the defendant to 18 months. Count 10, twelve months. Counts 1 and 2 will run consecutively to each other for a total of ten years in Lorain Correctional Institution.

{¶ 13} At the heart of Harris' challenge to the imposed sentence is the notion that the trial court should have made specific findings relative to Counts 4 and 10. Harris' challenge suggests that the "specific findings" would remove any ambiguities in the sentence that the trial court pronounced.

{¶ 14} However, pursuant to R.C. 2929.41(A), defendant's sentences are presumed to run concurrently as a matter of law if the trial court's sentencing entry is silent as to whether the sentences are to be served consecutively or concurrently. *State v. Wright*, 8th Dist. Cuyahoga No. 107213, 2019-Ohio-1361, ¶ 13, citing *State v. Hall*, 9th Dist. Summit No. 27942, 2016-Ohio-909, ¶ 6; *State v. Marbury*, 10th Dist. Franklin No. 03AP-233, 2004-Ohio-3373, ¶ 68.

{¶ 15} Even if we were to conclude that the absence of a specific statement created an ambiguity, as to whether the trial court imposed concurrent or consecutive sentences on those two counts, we further note that any sentencing ambiguities are resolved in favor of the defendant. *Wright* at ¶ 15, citing *State v. Quinones*, 8th Dist. Cuyahoga No. 83720, 2004-Ohio-4485 at ¶ 16; *State v. Carr*, 167 Ohio App.3d 223, 2006-Ohio-3073, 854 N.E.2d 571, ¶ 4 (3d Dist.) ("If a sentencing is ambiguous as to whether a sentence should be served concurrently or consecutively, the ambiguity must be resolved in favor of the defendant and the sentence must be served concurrently."); *Hamilton v. Adkins*, 10 Ohio App.3d 217, 461 N.E.2d 319 (12th Dist.1983), syllabus (where there is ambiguity as to whether the sentences are to be served concurrently or consecutively, the defendant is entitled to have the language construed in his favor so that the sentences may be served concurrently).

{¶ 16} Moreover, contrary to Harris' present contention, the record reveals that the trial court indicated at the time Harris appeared to enter the guilty pleas that he would not be given a maximum sentence, that is, not 12 and a half years.

Specifically, the trial court stated, "I could tell you that I'm not considering the minimum, nor would I consider giving you a maximum consecutive sentence because you are pleading guilty and accepting responsibility." In elaborating, the trial court stated, "So, twelve and a half years is the maximum consecutive sentence that I could give to you and because you are pleading guilty and accepting responsibility, I'm not going to give you a maximum sentence, nor am I considering a minimum sentence."

{¶ 17} In addition to the trial court indicating, prior to accepting the pleas, that it would not be giving a maximum sentence of 12 and a half years, it was again underscored at the beginning of the sentencing hearing. Relevantly, the assistant prosecuting attorney stated, "And it was understood at the time of the plea that he faces a potential sentence of twelve years, six months * * *. It was understood that he would not receive the maximum sentence of twelve and a half years. He has spared the victim from having to come in and testify."

{¶ 18} Here, given that there is a presumption that multiple sentences are to be served concurrently; given that the trial court advised Harris before accepting the pleas that he would not be given a maximum sentence of 12 and a half years; given that this refrain was underscored at the beginning of the sentencing hearing; and given that the trial court stated, "[F]or a total of ten years in the Lorain Correctional Institution," belies Harris' perceived ambiguity. Based on the foregoing, we find any further pronouncement by the trial court would have been superfluous.

{¶ 19} Accordingly, we overrule the sole assignment of error.

**{¶ 20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR