[Cite as *Cleveland v. Kushlak*, 2025-Ohio-1656.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,            :

                                 No. 113956

v.                                    :

ANTHONY KUSHLAK,                      :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** May 8, 2025

---

Criminal Appeal from the Cleveland Municipal Court
Housing Court Division
Case No. 2020-CRB-007383

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law, and William H. Armstrong, Jr., Assistant Law Director, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman, Assistant Public Defender, *for appellant.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} The issue presented to this court is, in fact, a nonissue.

**{¶ 2}** The sole assignment of error in this case is:

The housing court imposed an improper community control sanction when it restricted him from entering the subject property without a housing inspector.

**{¶ 3}** Although the trial court judge made that oral pronouncement at a "status hearing" that was converted, without proper notice or due process, into a probation-violation hearing, which is, in and of itself, a concerning matter that we will not address in this appeal, the condition at issue was not referenced in the journal entry attendant to the proceeding.

**{¶ 4}** A trial court needs to administer justice in a legal sense but also in a practical sense. If we were to accept the court's oral proclamation that appellant is prohibited from entering the subject premises outside the presence of housing inspector Michael Shockley, what are the parameters of that order?

**{¶ 5}** Is Mr. Shockley required to remain on site during the entire time that the homeowner is present *ad infinitum*?

**{¶ 6}** If Inspector Shockley has other properties which are in his bailiwick, or he is required to be in court or he is otherwise unavailable and he must leave the property, must the homeowner leave the property, as well?

**{¶ 7}** From a practical perspective, who is paying for Mr. Shockley's apparent continued presence as a professional babysitter/property sitter? In view of the fact that since January 2023 a total of 14 "status hearings" have been conducted by the court and each of those "status hearings" generates court costs,

there *could* be minimal financial remuneration for Inspector Shockley's presence in this case.

**{¶ 8}** As we all know, the court speaks through its journal entry. *State v. Beaver*, 2018-Ohio-2840, ¶ 4 (8th Dist.) ("It is axiomatic that the trial court speaks through its journal entry."), citing *State v. Brooke*, 2007-Ohio-1533, ¶ 47, citing *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454 (2000).

**{¶ 9}** As the trial court in this case did not so speak, we have no issue to address in this appeal.

**{¶ 10}** Case dismissed.

It is ordered that appellant recover of appellee costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., and
ANITA LASTER MAYS, J., CONCUR